In the Matter of the Application of DAVID F. ENGEL and Others, Copartners Doing Business under the Firm Name and Style of ENGEL & Co., Appellants, for an Order Requiring DAVID WEINTRAUB, Respondent, to Submit Certain Differences between the Parties to Arbitration and Staying Said DAVID WEINTRAUB from Proceeding in an Action Heretofore Instituted by Him against ENGEL & Co. in the Supreme Court of the State of New York, County of New York.

In the Matter of the Application of DAVID F. ENGEL and Others, Copartners Doing Business under the Firm Name and Style of ENGEL & Co., Appellants, for an Order Requiring DAVID WEINTRAUB, Respondent, to Submit Certain Differences between the Parties to Arbitration and Staying Said DAVID WEINTRAUB from Proceeding in an Action Heretofore Instituted by Him against the Said DAVID F. ENGEL and Others in the Supreme Court of the State of New York, County of New York.

First Department, December 7, 1934.

*I. Cyrus Gordon* of counsel [*S. Harry Eilenberg* with him on the brief; *Delson, Levin & Gordon*, attorneys], for the appellants

*Harris Jay Griston* of counsel [*George C. Baron* with him on the brief; *Harris Jay Griston*, attorney], for the respondent.

PER CURIAM. The respondent, David Weintraub, in 1929 and 1930 had several separate accounts, one of which was styled " Weintraub & Lieberman," with a stock brokerage firm known as Engel & Co. At that time the firm was composed of David F. Engel, Benjamin D. Sokolow, Leon Osterweil, general partners, together with Irving D. Karpas and David Fox, special partners. The firm was dissolved on February 28, 1931. It is still in liquidation. New firms were subsequently organized. The present firm of Engel & Co. is composed of David F. Engel, Benjamin D. Sokolow and Lester J. Alexander. It is claimed by them that they did not assume any of the obligations of the old firm.

In October, 1929, there was a credit balance in the " Weintraub & Lieberman " account. It is asserted by Weintraub that without his knowledge or consent, and with the full knowledge on the part of the brokers that he alone owned the account, almost the entire balance was applied by Engel & Co. to the payment of a deficit in Adolph Lieberman's personal account.

Weintraub commenced an action in the Supreme Court against David F. Engel, Benjamin D. Sokolow and Lester J. Alexander, the present members of the firm of Engel & Co. The original firm thereafter instituted a proceeding to compel Weintraub to arbitrate the controversy pursuant to an agreement alleged to have been signed by him when he first opened the account with the firm of Engel & Co. as it then existed. The motion was denied at Special Term.

Thereafter Weintraub served an amended complaint bringing in the members of the original firm. Benjamin D. Sokolow, in his own behalf and on behalf of the members of the original firm, then commenced a second proceeding to compel Weintraub to arbitrate. The motion was denied at Special Term with leave to renew after the appeal from the first order had been determined.

Apparently the court overlooked the fact that there had been a change in parties between the time the first application was denied and the second was made. We believe a proper disposition was made of the original application at Special Term. At that time there was no dispute between Weintraub and the original firm of Engel & Co., since Weintraub had merely sued the successor firm and asserted no claim against the original firm. However, as to the second application, we are of the opinion that Weintraub is bound by his agreement to arbitrate, if in fact he did so agree. Weintraub denies unequivocally that he ever entered into an arbitration agreement at the time he opened his original account. Under the circumstances he is entitled to a trial by jury on that issue.

Accordingly, the first order appealed from (4855) should be affirmed, with twenty dollars costs and disbursements to the

respondent; and the second order (4856) should be modified by directing a trial by jury as to whether or not a valid contract providing for arbitration was made. Pending a determination of that question, the action in the Supreme Court will be stayed. As so modified said order is affirmed, without costs.

Present — FINCH, P. J., MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.

In the first proceeding: Order affirmed, with twenty dollars costs and disbursements.

In the second proceeding: Order modified by directing a trial by jury as to whether or not a valid contract providing for arbitration was made, and by directing that, pending the determination of said question, the action instituted by respondent against the petitioners in the Supreme Court be stayed; and that as so modified the said order is affirmed, without costs.